UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIN K. KNIGHT-STANNER, ET AL.,
       Plaintiffs,

                                                        No. 1:08-cv-949

-v-

                                           HONORABLE PAUL L. MALONEY

STEVEN PRUITT,
       Defendant.

ORDER MODIFYING AND APPROVING SETTLEMENT AND DISMISSING THE CASE

Plaintiff Christin Knight-Stanner, on her own behalf and as the next friend of her two minor children, filed a suit in the Circuit Court of Cass County, Michigan against Defendant Steven Pruitt and two insurance companies for injuries arising from a motor vehicle accident.[1] Defendant Pruitt timely removed the action to federal court. Because the parties are diverse and the amount in controversy exceeds $75,000, this court has jurisdiction over the matter under 28 U.S.C. § 1332(a).

Through counsel, Plaintiffs filed two motions to dismiss the action pursuant to a settlement agreement.[2] (Dkt. Nos. 42 and 45.) Defendant Pruitt filed a consent to dismissal of action. (Dkt. No. 47.) A guardian ad litem was appointed to review the prospective settlement on behalf of the minor children. (Dkt. No. 46.) The guardian filed a report in which he concludes the settlement is fair, proper, and in the best interest of the minors. The court has reviewed the guardian's report, the motions, the bill of costs, and the contingency fee arrangement.

---

[1] Both insurance companies have been dismissed from the action on stipulation of the parties. (Dkt. Nos. 34 and 35.)

[2] Both motions rely on Michigan Rules of Court § 2.420. This court applies the Federal Rules of Civil Procedure, not the Michigan Rules of Court to actions after they are removed from a state court. *See* FED. R. CIV. P. 81(c)(1).

District courts have discretion to approve settlements in actions before them. *Rusiecki v. City of Marquette*, 64 F.App'x 936, 937 (6th Cir. 2003) (citing *Odomes v. Nucare, Inc.*, 653 F.2d 246, 252 (6th Cir. 1981) (holding the district court did not abuse its discretion by refusing to enforce an alleged settlement agreement)); s*ee Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 418-19 (6th Cir. 2000) (holding the appropriate standard for reviewing a district court's decision to enforce a settlement agreement is an abuse of discretion). When minors are involved, the district court must make an independent determination that the settlement is in the minor's best interest. *See Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) (discussing, with approval, *Crawford v. Loving*, 84 F.R.D. 80, 87 (E.D.Va. 1979)).

The total amount of the proposed settlement is $22,500, with $14,000 to the adult plaintiff, $5,550 to the minor daughter, and $3,000 to the minor son. Plaintiffs' attorneys propose allocating their costs and fees equally from each of the three Plaintiff's settlement amounts.

In an exercise of discretion, the court approves the settlement, with modifications. The settlement appears fair, in light of the difficulty Plaintiffs might have establishing their causes of action under Michigan law. This court approves the total amount of the proposed settlement of $22,500. Because the minor daughter's injuries were much more substantial than the minor son's injuries, however, the amounts each of the children receives under the settlement should reflect those injuries more than it currently does. Accordingly, the minor daughter's settlement amount is increased to $7,500 from $5,500 and the minor son's settlement amount is reduced to $1,000 from $3,000. The court approves counsel's contingency fee agreement. *See Krause v. Rhodes*, 640 F.2d 214, 218 (6th Cir. 1981) ("A federal district judge has broad equity power to supervise the collection of attorney's fees under contingency fee contracts."). The court approves the requested $2,352.43

in costs. Upon review of the bill of costs, the amounts requested are fair, reasonable, and related to the litigation of action. The fees and costs to which Plaintiff's attorneys are entitled must be taken proportionately, not equally, from the amounts to which each Plaintiff will receive. Plaintiff Christin Knight-Stanner will receive $14,000, or 62.22% of the settlement. She is responsible 62.22% of the contingency fee and costs. The minor daughter will receive $7,500, or 33.33% of the settlement. She is responsible for 33.33% of the contingency fee and costs. The minor son will receive $1,000, or 4.45% of the settlement. He is responsible for 4.45% of the contingency fee and the costs.

Consistent with the above, **IT IS HEREBY ORDERED:**

1. The proposed settlement is **APPROVED WITH MODIFICATIONS.**

2. Plaintiffs' motion (Dkt. No. 42) for dismissal pursuant to settlement is **GRANTED.**

3. All other pending motions are **DISMISSED AS MOOT.**


Date: January 26, 2010 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge